**Fred PAPPAS, Plaintiff,**

**v.**

**Joseph H. BLISS, trading and doing business as Artcraft Mantel Company, Defendant.**

**Civ. A. No. 64–483.**

United States District Court
W. D. Pennsylvania.

Feb. 12, 1965.

J. Cris Soich, Pittsburgh, Pa., for plaintiff.

Allen N. Brunwasser, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

This civil action comes before the Court on defendant's motion for summary judgment. Counsel have been heard and the briefs considered. It is noticed that plaintiff in his complaint demands judgment against the defendant in the total sum of $2,132.80 due him, he says, for unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. Jurisdiction is averred as being under 16(b) of the statute and 28 U.S.C.A. § 1337. A responsive answer has been filed. In the answer defendant, Joseph H. Bliss, says that he is a sole proprietorship registered and doing business as Artcraft Mantel Company. It is averred in the answer that not only is the defendant not subject to jurisdiction under the Fair Labor Standards Act, but also it is further averred that he is specifically exempted under Section 13 of the statute.

It is noticed that Section 13 is found in Title 29 U.S.C.A. under Section 213. In 13(a) (2) an exemption is provided where "any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located."

In the instant matter defendant's counsel also calls the Court's attention to Rule 56 of the Federal Rules of Civil Procedure, as amended, effective July 1, 1963, because defendant has filed an affidavit in which the exemption is claimed; and considering the affidavit, the Court agrees a prima facie defense is made out in the affidavit. He has complied with the rule. In substance, he has indicated a defense based on facts in his affidavit which would be admissible in evidence; and from the face of the affidavit it appears that the facts alleged are based on his personal knowledge and that he is competent to testify as to the matters set forth therein. Such being the case defendant as the adverse party may not rest upon the mere allegations of the complaint, but he must come forward and set forth specific facts showing that there is a genuine trial issue as required by the rule. Otherwise defendant's motion should be granted. Defendant's counsel at the argument seemed confident that the matter set forth in defendant's affidavit cannot be controverted. The Court is not aware of whether plaintiff's counsel is familiar with the amended rule or not, but in any event the motion for summary judgment being opposed, plaintiff will be given a chance to respond to the position taken by defendant. The order of the Court is that plaintiff comply with Rule 56(c) within 10 days, and on his failure to so respond, defendant may submit an order for summary judgment.

It is so ordered.